**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **PATRICIA ROSENDAHL AND** § | |
| **TORBEN ROSENDAHL** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO.**_____ |
| § | |
| **UNITED PROPERTY & CASUALTY** § | |
| **INSURANCE COMPANY** § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant herein, removes to this Court the state court action pending in the 152nd Judicial District Court of Harris County, Texas, invoking the Court's diversity jurisdiction, on the grounds explained below.

### I. BACKGROUND

1. On August 23, 2019, Plaintiffs PATRICIA ROSENDAHL and TORBEN ROSENDAHL (collectively, "Plaintiffs") filed the present action in the 152nd Judicial District Court of Harris County, Texas, bearing Cause No. 2019-59298 (the "State Court Action") against Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant"),. *See Plaintiffs' Original Petition and Request for Disclosure*, attached hereto in **Exhibit B**.

2. UPC, the sole Defendant in this action, was served notice of this lawsuit on August 29, 2019. *Id.* Pursuant to 28 U.S.C. § 1446(b)(3) this *Notice of Removal* has been timely filed by

1

Defendant within thirty (30) days following receipt of service of process of the citation, *i.e.*, when the case first became removable.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated herein under **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*, Defendant will give written notice of the removal to Plaintiffs through their attorneys of record, and to the clerk of the 152nd Judicial District Court of Harris County, Texas.

## II.   JURISDICTION

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and Defendant, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.   **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANT**

6. Plaintiffs PATRICIA ROSENDAHL and TORBEN ROSENDAHL are domiciled in Galveston County, Texas. In their *Original Petition*, Plaintiffs allege that they are individuals residing in Friendswood, Galveston County, Texas[1]. Pursuant to 28 U.S.C. § 1332(a), Plaintiffs are citizens of the State of Texas.

7. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY is a foreign organization incorporated pursuant to the laws of the State of Florida and does not have its principle place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Florida.

8. Accordingly, there is complete diversity between the properly joined parties pursuant

---

[1] *See Plaintiffs' Original Petition and Request for Disclosure*, **Exhibit B**, at p.. 2.

to 28 U.S.C. § 1332(a).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

9.    *Plaintiffs' Original Petition and Request for Disclosure* states that "Plaintiffs seek monetary relief of not more than $100.000."[2]  To clarify the amount in controversy, Defendant sent Plaintiffs' counsel a letter on September 26, 2019, requesting Plaintiffs and their counsel to execute an attached proposed binding stipulation that would commit Plaintiffs and their counsel to an agreement not to accept any judgment in excess of $75,000.00, including attorneys' fees, but exclusive of interest and costs.  *See* Letter to Plaintiffs' Counsel Regarding Binding Stipulation, attached and incorporated herein as **Exhibit C.**  To date, however, Plaintiff has failed to respond, and has failed to provide Defendant an executed copy of said binding stipulation.

10.    "Where diversity of citizenship exists, the amount in controversy requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00 or, alternatively, (2) the defendant sets forth 'summary judgment type evidence'' of facts in controversy that support a finding of the requisite amount."[3]  Either analyses here sets the amount in controversy over the $75,000.00 threshold for jurisdiction.

11.    *Plaintiffs' Original Petition* shows on its face that Plaintiffs' claims are in excess of $75,000.00 excluding interest and costs.  Further, and in the alternative, Plaintiffs' failure to agree to a binding stipulation indicates that Plaintiffs are seeking damages in excess of $75,000.00.  For the foregoing reasons, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.    VENUE

---

[2] *See Plaintiffs' Original Petition and Request for Disclosure*, **Exhibit B**,, at p. 10.

[3] *Real T LLC v. State Farm Fire and Cas. Co.*, No. 07-8754, at *1 (E.D. La. Nov. 18, 2008) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990)).

12. Venue for removal is proper in this district and division because this district embraces the 152nd Judicial District Court of Harris County, Texas, the forum in which the removed action was pending.

## IV. EXHIBIT INDEX

**Exhibit A**   Index of Matters Being Filed;

**Exhibit B**   All executed process in this case, including copies of: Plaintiffs' Original Petition and Request for Disclosure, Citation for United Property & Casualty Insurance Company, Returned Service of Process on Defendant United Property & Casualty Insurance Company; Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition with Request for Disclosures; and District Clerk's Docket Sheet.

**Exhibit C**   Letter to Plaintiffs' Counsel Regarding Binding Stipulation;

**Exhibit D**   List of all Counsel of Record:

**Exhibit E**   Civil Cover Sheet

## V. CONCLUSION

13. Removal of this action under 28 U.S.C. § 1441(a) is proper as the Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court, and that this Court issue all necessary orders. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY further requests any additional relief to which it may be justly entitled.

DATE: September 30, 2019.

       Respectfully submitted,

       **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    *Attorney-In-Charge*
    Texas State Bar No. 24056346
    USDC-SD Texas No. 1196616
    Gene M. Baldonado
    Texas State Bar No. 24071065
    USDC-SD Texas No.1287996
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    gene.baldonado@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on September 30, 2019, via e-filing addressed to:

Shane McClelland                                        *Via Eservice*
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Dr., Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax: (832) 827-4207
shane@hmtrial.com

ATTORNEY FOR PLAINTIFFS
PATRICIA ROSENDAHL AND
TORBEN ROSENDAHL

                                                                */s/ Sarah R. Smith*
                                                                Sarah R. Smith