# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
08/29/2019
CT Log Number 536155565

TO: JOHN HENLEY
UPC Insurance (NASDAQ: UIHC)
800 2ND AVENUE SOUTH
SAINT PETERSBURG, FL 33701

RE: **Process Served in Texas**

FOR: United Property & Casualty Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patricia And Torben Rosendahl, Pltfs. vs. United Property & Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 152nd Judicial District Court Harris County, TX<br>Case # 201959298 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/29/2019 at 14:58 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Shane McClelland<br>The Law OlTices of Shane McClelland<br>440 Cobia Drive, Suite 101<br>Katy, TX 77494<br>713-987-7107 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780100367189 |
| | Image SOP |
| | Email Notification,  Legal Department  LAWSUIT@upcinsurance.com |
| | Email Notification,  Tracey Reed  treed@upcinsurance.com |
| | Email Notification,  Gilbert Rodriguez  grodriguez@upcinsurance.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO.  201959298                '  **DELIVERED** AUG 2 9 2019

RECEIPT NO.                            0.00        CIV
          **********                   TR # 73662296

| | |
|---|---|
| PLAINTIFF: ROSENDAHL, PATRICIA AND TORBEN | In The   152nd |
| vs. | Judicial District Court |
| DEFENDANT: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY | of Harris County, Texas |
| | 152ND DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY BY SERVING
    ITS AGENT CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS  TX  75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 23rd day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
      This citation was issued on 26th day of August, 2019, under my hand and
seal of said Court.



Issued at request of:                        MARILYN BURGESS, District Clerk
MCCLELLAND, SHANE                            Harris County, Texas
440  COBIA DRIVE, STE 101                    201 Caroline, Houston, Texas 77002
KATY, TX  77494                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 987-7107
Bar No.:  24046383              Generated By: CHAMBERS, WANDA  ULW//11309849

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                _____
                                _____ of _____County, Texas

                                By _____
_____                        Deputy
      Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                _____
                                            Notary Public

N.INT.CITR.P                    *73662296*

8/23/2019 2:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36235747
By: Wanda Chambers
Filed: 8/23/2019 2:48 PM

# 2019-59298 / Court: 152

Cause No. _____

| | | |
|---|---|---|
| PATRICIA AND TORBEN | § | |
| ROSENDAHL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| UNITED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Patricia and Torben Rosendahl ("Plaintiffs"), and file this, their Original

Petition and Request for Disclosure against Defendant United Property and Casualty Insurance

Company ("Defendant"), and in support thereof would respectfully show unto the Court the

following:

## DISCOVERY CONTROL PLAN

Plaintiffs intends to conduct discovery in this matter under Level 3, in accordance with

Texas Rule of Civil Procedure 190.4.

## PARTIES

1.      At all relevant times, Plaintiffs owned a house at 903 Remington Court,

Friendswood, TX 77546.

2.      Defendant is an insurance company doing business in the State of Texas and may

be served with process by serving its agent for service of process, CT Corporation System, 1999

Bryan Street, Suite 900, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4.      All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Harris County, Texas. The damages being sought by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

5.      The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

6.      Plaintiffs owned the property at 903 Remington Court, Friendswood, TX 77546 (the "Property") at all relevant times.

7.      The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 27, 2017.

8.      Defendant issued an insurance policy (Policy No. 000209304]) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9.      Plaintiffs had paid all premiums for the Insurance Policy when Harvey damaged Plaintiffs' property.

10.     The Insurance Policy covered Plaintiffs' Property for damage caused by windstorm, among other perils.

11.     Plaintiffs have already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

2

12.     Shortly after Harvey, Plaintiffs notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13.     Defendant assigned an adjuster to investigate and adjust the loss.

14.     The adjuster visited the property but failed to fully and fairly investigate the loss.

15.     The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16.     The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiffs' Property.

17.     Defendant failed to pay Plaintiffs for covered windstorm damage to the Property caused by Harvey.

18.     Plaintiffs submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19.     The amount sought by the Plaintiffs was based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20.     Defendant has unreasonably refused to acknowledge Plaintiffs' expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21.     Harvey windstorm caused every loss Plaintiffs have identified.

3

22. Defendant knows that Plaintiffs are entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiffs have identified.

23. Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiffs seek insurance proceeds.

24. Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25. Defendant has knowingly and intentionally misrepresented Plaintiffs' insurance coverage to Plaintiffs to avoid complying with its contractual obligation to pay for Plaintiffs' covered losses due to Harvey windstorm damage.

26. Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiffs to file this action, thereby causing Plaintiffs and this Court to endure unnecessary burden, expense, and delay.

27. Plaintiffs have filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29. Plaintiffs and Defendant entered into a contract for insurance coverage when Plaintiffs purchased and Defendant issued the Insurance Policy.

30. Plaintiffs paid their policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

4

31.    Plaintiffs have complied with all obligations owed under the Insurance Policy,

including conditions precedent to recovery.

32.    Defendant, however, has breached its contractual obligations by wrongfully

denying coverage and failing to issue payment for the amount owed on this claim as documented

in Plaintiffs' written demand for payment and supporting documents.

33.    Defendant's improper denial has harmed Plaintiffs by denying the money to

which Plaintiffs are entitled under the terms of the Insurance Policy.

## COUNT II
## VIOLATION OF TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES AND
## MISREPRESENTATION OF INSURANCE POLICY

35.    Plaintiffs hereby repeat and incorporate by reference the allegations in the

preceding paragraphs of this Petition as if set forth fully herein.

36.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance

Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code §

541.151.

37.    Defendant's practice of misrepresenting to Plaintiffs material facts relating to the

coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or

practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38.    Defendant's practice of failing to attempt in good faith to effectuate a prompt,

fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance

Policy was reasonably clear, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); §

541.061.

5

39.     Defendant's practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE:
## PROMPT PAYMENT OF CLAIMS

42.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

6

45. Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46. Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48. The Insurance Policy was an insurance contract that existed between the Plaintiffs and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49. As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiffs.

50. However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiffs.

51. By failing to timely and adequately assess the Plaintiffs' damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiffs, and in violation of the duties of good faith and fair dealing.

7

52.     For these reasons and others set out in this Petition, Defendant breached the duty
of good faith and fair dealing owed to the Plaintiffs, proximately causing Plaintiffs to suffer
damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiffs for compensatory, consequential, and punitive
damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages
and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/
## CONSUMER PROTECTION ACT

54.     Plaintiffs hereby repeat and incorporate by reference the allegations in the
preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade
Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas
Business and Commerce Code, provides additional protection to consumers who are victims of
deceptive, improper, and/or illegal practices, including the award of treble damages for knowing
violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has
resulted in actual and consequential damages to Plaintiffs and supports an award for treble
damages.

56.     Each of Defendant's acts described herein, together and singularly, were done
"knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a
producing cause of Plaintiffs' damages described herein.

57.     Plaintiffs are entitled to actual damages resulting from these violations of the law.
These damages include the sums Defendant has wrongfully refused to pay and any consequential
damages to Plaintiffs' economic welfare in the future, including any exacerbation of economic

8

condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiffs' property.

59. Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60. Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62. As a result of Defendant's conduct described herein, Plaintiffs have been forced to retain the undersigned attorney to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees under any applicable statute.

9

63.    Plaintiffs are entitled to the recovery of attorneys' fees necessary to afford its

rights, along with the costs and expenses set forth by law.

64.    Plaintiffs seek monetary relief of not more than $100,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose

the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to

appear and answer, and that after a trial on the merits, Plaintiffs recover from Defendants

damages for all causes of action described above, extra contractual damages as allowed by law

and the causes of action described above, attorneys fees, costs of court, and all interest allowed

by statute and common law and for such other relief to which Plaintiffs may be entitled, both in

equity and at law.

Respectfully submitted,

August 21, 2019

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:   (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiffs*

10

9/23/2019 11:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37026665
By: KATINA WILLIAMS
Filed: 9/23/2019 11:34 AM

### CAUSE NO:  2019-59298

| | | |
|---|---|---|
| PATRICIA AND TORBEN ROSENDAHL | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | 152ND JUDICIAL DISTRICT |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"), Defendant in the above-entitled and numbered cause and files this, its *Original Answer to Plaintiffs' Original Petition with Request for Disclosures* and would respectfully show unto the Court the following:

### I.
### GENERAL DENIAL

1.     Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant") asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs PATRICIA ROSENDAHL and TORBEN ROSENDAHL (collectively, "Plaintiffs") be required to prove their charges and allegations against UNITED PROPERTY & CASUALTY INSURANCE COMPANY by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.
### DEFENSES

2.     Plaintiffs' causes of action are barred by the applicable statutes of limitations.

3.     Plaintiffs' causes of action are barred by the applicable statutes of repose.

1

4.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY denies that the required conditions precedent were performed and/or occurred.

5.      The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom UNITED PROPERTY & CASUALTY INSURANCE COMPANY had no control, including but not limited to Plaintiffs, therefore, UPC is not liable to Plaintiffs.

6.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY issued a policy of insurance to Plaintiffs PATRICIA ROSENDAHL and TORBEN ROSENDAHL, bearing policy number TWIA-000209304-02 (the "Policy"), and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

7.      The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

8.      The Policy does not cover damages which occurred prior to policy inception.

9.      The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

10.     The Policy does not cover claims or damages arising out of flood.

11.     The Policy requires direct, physical loss.

12.     Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY is entitled to any credits or set-offs for prior payments by UPC or other third parties.

13.     To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

14.     To the extent that all statutory and policy requisites have not been satisfied, this

2

suit is premature.

15.     Plaintiffs' extra-contractual claims are barred under Chapter 2210 of the Texas Insurance Code.

16.     Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

17.     Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual Texas Insurance Code claims.   Because Plaintiffs' allegations are generally based on UPC's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual Texas Insurance Code claims.

### III.
### REQUEST FOR DISCLOSURES

18.     Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

### IV.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that Plaintiffs PATRICIA ROSENDAHL and TORBEN ROSENDAHL take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


_____*/ s / Sarah Smith*_____
Sarah R. Smith
Texas Bar No:  24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 23rd day of September, 2019.


Shane McClelland                                    *Via Eservice*
LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Dr., Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax: (832) 827-4207
shane@hmtrial.com

ATTORNEY FOR PLAINTIFFS
PATRICIA ROSENDAHL AND
TORBEN ROSENDAHL


_____*/s/ Sarah R. Smith*_____
Sarah R. Smith

**HCDistrictclerk.com**       ROSENDAHL, PATRICIA AND TORBEN vs. UNITED          9/26/2019
                              PROPERTY AND CASUALTY INSURANCE COMPANY
                              Cause: 201959298       CDI: 7      Court: 152

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 87249466 | Defendant United Property & Casualty Insurance Company's Original Answer To Plaintiff's Original Petition With Request For Disclosures | | 09/23/2019 | 4 |
| 87026003 | Citation-return | | 09/09/2019 | 2 |
| 86859193 | Civil Process Pick-Up Form | | 08/26/2019 | 1 |
| 86799817 | Plaintiffs Original Petition | | 08/23/2019 | 10 |
| -> 86799818 | Civil Process Request Form | | 08/23/2019 | 1 |